IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

RECEIVED

2026 SEP 16 A 11:15

TREY GRANGER, CL
U.S. DISTRICT COU
MIDDLE DISTRICT A A

OMAR ANTONIO LOPEZ, )

)

Plaintiff, )

)

v. ) Case No.

2:26-cv-00468-RAH-SMD

)

BRANCH DIGITAL WALLET, )

)

Defendant. )

)

FIRST AMENDED COMPLAINT FOR TORTIOUS INTERFERENCE, UNLAWFUL SUPPRESSION OF FINANCIAL ACCESS, AND DEMAND FOR ELECTRONIC FILING

I. DEMAND FOR ELECTRONIC FILING PRIVILEGES

1. Pursuant to Plaintiff's standing approach and prior assertions, Plaintiff explicitly demands and requests that this Court grant electronic filing privileges for the duration of this action.

II. PARTIES

2. Plaintiff Omar Antonio Lopez is an individual physically located and present in Nashville, Tennessee. Plaintiff is domiciled in Tennessee and intends to remain there indefinitely.

3. Defendant Branch Digital Wallet is a financial technology entity and operating company that operates a digital payment platform and mobile wallet application.

III. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the

claims occurred within this judicial district.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff maintained an active digital wallet account hosted, managed, and controlled exclusively by Defendant Branch Digital Wallet.

7. Through Defendant's platform, Plaintiff maintained financial records, transaction histories, and earnings data.

8. On July 6, 2026, Defendant intentionally restricted, locked, and deactivated Plaintiff's digital wallet account.

9. Defendant executed this account deactivation purposely to conceal, suppress, and block Plaintiff's access to his own financial records, transaction histories, and evidentiary data.

10. Despite Plaintiff's demands following the account lock, Defendant refused to restore access to the account, transaction histories, and records.

11. Defendant's purposeful termination and suppression of account access caused direct economic and evidentiary harm to Plaintiff.

## V. CAUSES OF ACTION

COUNT I: Tortious Interference with Business and Contractual Relations

12. Plaintiff incorporates paragraphs 1 through 11 by reference.

13. Plaintiff maintained valid business and contractual relationships regarding his digital account and financial assets managed by Defendant Branch Digital Wallet.

14. Defendant intentionally and maliciously interfered with Plaintiff's property and contractual access by locking the digital wallet to suppress financial records.

15. Defendant's intentional interference directly caused substantial economic damage, property deprivation, and injury exceeding $75,000.

COUNT II: Unlawful Suppression of Financial Access and Civil Property Deprivation

16. Plaintiff incorporates paragraphs 1 through 15 by reference.

17. Plaintiff held a clear, lawful possessory right to the funds, data, and account histories under Defendant's control.

18. Defendant intentionally exercised unauthorized dominion and

control over Plaintiff's property by locking the account and withholding critical financial records.

19. As a direct and proximate result of Defendant's actions, Plaintiff suffered severe financial and evidentiary injury exceeding $75,000.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Branch Digital Wallet, awarding:

A. Actual, compensatory, and consequential damages exceeding $75,000;

B. Punitive damages as permitted by law for intentional and malicious conduct;

C. Pre-judgment and post-judgment interest;

D. Costs of suit; and

E. Such other and further relief as this Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: September 14, 2026

/s/ Omar Antonio Lopez

Omar Antonio Lopez

Plaintiff, Pro Se

General Delivery

Nashville, TN 37202

OMAR ANTONIO LOPEZ
GENERAL DELIVERY
NASHVILLE, TN 37202

UNITED STATES POSTAL SERVICE
SEP 14 2026
RMITAGE, TN 37076




CLERK OF COURT
ONE CHURCH STREET, Room B-110
MONTGOMERY, AL 36104
(468)

36104$4018 C039