IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OMAR ANTONIO LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: 2:26-cv-468-RAH-SMD |
| | ) | |
| BRANCH DIGITAL WALLET, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 11, 2026, pro se Plaintiff Omar Antonio Lopez ("Lopez") filed this action against Defendant Branch Digital Wallet ("Branch Digital Wallet"). Compl. (Doc. 1) p. 1. Along with the complaint, Lopez filed a Motion to Proceed *In Forma Pauperis* (Doc. 2), which the undersigned granted. Order (Doc. 11). Because Lopez is proceeding *in forma pauperis*, his complaint is before the Court for review under 28 U.S.C. § 1915(e). Upon review, the undersigned found that Lopez's original complaint failed to sufficiently allege the basis of the Court's subject matter jurisdiction and to meet the federal pleading standard. Order (Doc. 13). The undersigned afforded Lopez an opportunity to amend his complaint. *Id.* Upon review of Lopez's amended complaint, the undersigned finds that it again fails to establish this Court's subject matter jurisdiction. Accordingly, the undersigned recommends that Lopez's amended complaint be dismissed without further opportunity to amend.

## I. FACTUAL ALLEGATIONS AND REQUESTED RELIEF

Lopez maintained an active digital wallet account hosted and controlled by Branch Digital Wallet, through which he kept financial records, transaction histories, and earnings data. Am. Compl. (Doc. 15) p. 3. Lopez alleges that on July 6, 2026, Branch Digital Wallet purposely restricted, locked, and deactivated his account to conceal, suppress, and block Lopez's access to his own records and evidentiary data. *Id.* Lopez alleges that despite his demands following the account lock, Branch Digital Wallet refused to restore his access, causing Lopez direct economic and evidentiary harm. *Id.*

Lopez brings two causes of action. Count I alleges "tortious interference with business and contractual relations." *Id.* at 4. Count II alleges "unlawful suppression of financial access and civil property deprivation." *Id.* Lopez seeks (1) actual, compensatory, and consequential damages exceeding $75,000; (2) punitive damages as permitted by law for intentional and malicious conduct; (3) pre-judgment and post-judgment interest; (4) costs of suit; and (5) such other and further relief as this Court deems just and proper. *Id.* at 5.

## II. JURISDICTION

Federal courts possess subject matter jurisdiction over two types of actions. First, federal courts have federal question subject matter jurisdiction over controversies "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997). Second, federal courts have diversity subject matter jurisdiction over cases where (1) the plaintiff and defendant are citizens of different states (often called "complete diversity") and (2) the amount in

controversy exceeds $75,000. 28 U.S.C. § 1332; *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). A plaintiff bears the burden to establish that the court has subject matter jurisdiction over his complaint. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends.").

Here, Lopez asserts that this Court has diversity jurisdiction over this action because the matter in controversy exceeds $75,000 and the action is between citizens of different states. Am. Compl. (Doc. 15) p. 2. Lopez asserts that he is a citizen of Tennessee. *Id.* However, despite the undersigned's specific instructions, Lopez does not identify Branch Digital Wallet's corporate structure and provides no allegations sufficient to demonstrate its citizenship. *See* Order (Doc. 13) pp. 3-4, 6; Am. Compl. (Doc. 15) p. 2. Lopez's assertion that the action is "between citizens of different states" is a legal conclusion, not a well pleaded fact, and is insufficient to establish complete diversity of citizenship. *See Wells Fargo v. 12757 Inv. Grp. LLC,* 2025 WL 3641288, at *1 (11th Cir. Dec. 16, 2025) (conclusory allegation that diversity elements are satisfied unaccompanied by underlying facts supporting such an assertion is insufficient to establish jurisdiction).

Because Lopez alleges no facts establishing Branch Digital Wallet's citizenship, he has not carried his burden to show complete diversity and thus fails to establish this Court's subject matter jurisdiction. Accordingly, his amended complaint is due to be dismissed.

## III. OPPORTUNITY TO AMEND

Generally, the Eleventh Circuit requires that a pro se plaintiff be afforded at least one opportunity to amend a complaint, so long as amendment is not futile and the plaintiff does not clearly indicate a lack of desire to amend. *See, e.g., Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Here, the undersigned has already provided Lopez with an opportunity to amend his complaint with specific instructions on how to cure its deficiencies. The undersigned specifically warned Lopez that failure to allege the citizenship of both parties and all pertinent facts for this Court to determine the citizenship of the parties would result in a recommendation that the complaint be dismissed for lack of subject matter jurisdiction. Order (Doc. 13) p. 6. Additionally, the undersigned warned Lopez that failure to comply with the Order in its entirety would result in a recommendation that this case be dismissed for failure to prosecute and/or failure to abide by orders of the Court. *Id.* at 7. Despite these warnings, Lopez filed an amended complaint that does not comply with the undersigned's Order and fails to cure the jurisdictional defect present in the original complaint. Because

Lopez has shown an inability or unwillingness to file a complaint that complies with the undersigned's orders,[1] Lopez should not be provided with another opportunity to amend.[2]

## IV. CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that Lopez's amended complaint (Doc. 15) be dismissed without prejudice. It is further

ORDERED that Lopez shall file any objections to this Recommendation **on or before October 12, 2026**. Lopez must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar Lopez from a de novo determination by the District Court of

---

[1] The undersigned notes that Lopez has filed other lawsuits in this Court and has been previously advised on how to file a proper complaint, including how to properly allege subject matter jurisdiction. *See* Order (Doc. 22) p. 3, *Lopez v. Walmart, Inc.*, Civil Act. No. 2:26-cv-160-RAH-JTA (ordering Lopez to file an amended complaint that sets forth specific allegations of fact showing the court has jurisdiction); Order (Doc. 17) p. 3, *Lopez v. Hawkes*, Civil Act. No. 2:26-cv-187-MHT-KFP (finding Lopez's vague statement "insufficient to invoke the Court's jurisdiction" and ordering Lopez to file second amended complaint); Order (Doc. 12) pp. 4-5, *Lopez v. Branch Messenger, Inc.*, Civil Act. No. 2:26-cv-489-RAH-CWB (noting that Lopez's complaint fails to set out a short and plain statement of the grounds for the court's jurisdiction and advising Lopez of the elements necessary to establish jurisdiction). Given that Lopez has repeatedly been advised of these requirements and has again failed to comply further indicates that he is either unable or unwilling to comply with orders requiring jurisdictional amendment.

[2] Notably, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation here of dismissal without amendment. As explained in section IV of this Recommendation, Lopez may file objections to the undersigned's findings, thus affording him the opportunity to be heard about the deficiencies of his amended complaint prior to its dismissal.

legal and factual issues covered in the Recommendation and waives the right of Lopez to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of September, 2026.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE